**JS-6**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRYANT K. UNDERWOOD,

    Petitioner,

v.

R. BROOMFIELD, Warden,

    Respondent.

Case No. CV 21-8676 AB (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is currently serving a life term in state prison based on his 2015 murder conviction for stabbing his cousin to death.

2. In this federal habeas action, Petitioner seeks to advance Miranda and Brady challenges related to his original trial. (Docket # 1.) In a separate statement, Petitioner also alluded to "newly found evidence" regarding the crime and police investigation. (Docket # 6.)

1　　　　　3.　　Petitioner previously sought habeas relief in this Court regarding his murder conviction. The Court denied Petitioner's earlier habeas petition on the merits of the claims asserted. Underwood v. Sullivan, No. CV 17-7239 AB (MRW) (C.D. Cal.). Petitioner did not seek appellate review of the denial of habeas relief in that action.

　　　　　4.　　Magistrate Judge Wilner screened the petition in the current action. (Docket # 4.) Judge Wilner noted that the action appeared to be successive, and was not accompanied by a certificate from the Ninth Circuit authorizing a second habeas action under 28 U.S.C. § 2244. Judge Wilner further noted that the action appeared to be untimely under AEDPA, and contained claims that had not been presented to or exhausted in the state supreme court. (Id. at 2-3.)

　　　　　5.　　Petitioner submitted a supplemental statement regarding the petition. (Docket # 6.) That statement did not address the successive nature of the new action at all, nor did it explain why Petitioner failed to obtain permission from the appellate court as required under AEDPA. Rather, Petitioner asserted that he has "no faith in repetitive appeals in the state court" as the basis for his request for federal court consideration. (Id. at 1.)

　　　　　　　　　　　　　　　* * *

　　　　　6.　　If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

1       7.     Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

      8.     A prisoner <u>must</u> obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. <u>Id.</u>; <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

      9.     "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." <u>Brown v. Muniz</u>, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); <u>Prince v. Lizzaraga</u>, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

                                                    \* \* \*

      10.    Petitioner's current habeas action is subject to summary dismissal. The petition challenges the same murder conviction that was the subject of his earlier federal habeas action. That action (CV 17-7239) was denied on the merits several years ago. This makes make the current action successive. <u>McNabb</u>, 576 F.3d at 1030. Petitioner presents no proof that he asked for or received permission from the Ninth Circuit to pursue

another successive action. The successive action must be dismissed. 28 U.S.C. § 2244(b); <u>Brown</u>, 889 F.3d at 667; <u>Prince</u>, 733 F. App'x at 384.

11. Because the Court does not have jurisdiction to consider the merits of Petitioner's habeas claims, it declines to take up the alternate potential procedural problems with the new petition (that is, untimeliness and lack of proper exhaustion).

\* \* \*

The Court does not have jurisdiction to consider Petitioner's claims. The action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: January 11, 2022

HON. ANDRE BIROTTE, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4